IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH G. ESSEX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PEGGY SPILKER,<br><br>　　　　Defendant. | Case No. 3:24-cv-02610-NJR |

# ORDER OF REMAND

**ROSENSTENGEL, Chief Judge:**

　　　Plaintiff Joseph Essex originally sued Defendant Peggy Spilker and Permobil, Inc. in Illinois state court. (Doc. 5). Permobil, Inc. removed the case to this District, and the case was assigned to District Judge Stephen McGlynn. (Docs. 1, 5). After review of the claims, Judge McGlynn severed the case because the allegations against each defendant stemmed from different occurrences and implicated different causes of action. (Doc. 1). For example, the claims against Permobil, Inc. related to an employment dispute, whereas the claims against Spilker arose from a motor vehicle accident.[1] (*Id.*).

　　　In compliance with Judge McGlynn's order, Essex filed a new complaint encompassing only his claims against Spilker. (Doc. 4). After the case was severed, the undersigned was assigned to one of the severed cases—the one against Spilker for negligence related to the motor vehicle accident. (Docs. 3, 4).

---

[1] To be sure, Essex maintains that all damages arise from the motor vehicle accident allegedly caused by Spilker. (Doc. 5).

Essex filed a Motion to Remand the case for lack of subject matter jurisdiction. (Doc. 5). As both Spilker and Essex are Illinois citizens, Essex argues that this Court lacks diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C § 1332. (Doc. 5).

Under § 1332, a federal district court has original subject matter jurisdiction over civil actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Typically, for an action that originates in state court to transition to federal court, a removing party seeks to have the case heard in federal court. Here, Permobil, Inc., the defendant in the other severed case, petitioned for removal of the case, not Spilker, the defendant here. Thus, the posture is slightly odd. Nevertheless, the Court agrees with Essex that this Court lacks subject matter jurisdiction over his claims against Spilker.

Based on the face of the complaint, both Essex and Spilker are Illinois citizens. As such, the requirement of complete diversity has not been met, and the Court lacks diversity jurisdiction over the case. As a standard negligence case arising from a motor vehicle accident, this case also does not invoke federal subject matter jurisdiction by any other means. Pursuant to 28 U.S.C. § 1447(c), the case shall be remanded.

The Motion to Remand (Doc. 5) filed by Plaintiff Joseph Essex is **GRANTED**. This action is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED:  January 10, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**